Case 36.                  Weaver, &c., *vs.* Bracken County Court.

APPEAL FROM BRACKEN COUNTY COURT.

> An agent is a competent witness to prove his own acts done for his principal, in discharge of the business confided to him as agent. This principle applies as well to a private agent as one who is an agent of the public. (7 *B. Monroe*, 227; 4 *Ib*. 405.)

CASE STATED.

David A. Weaver, sheriff of Bracken county, on 6th October, 1856, had a partial settlement of his accounts with the county before commissioners. It was found that the sheriff held in his hands, collected and to be collected as levy and taxes, the sum of $3,838 67. The sheriff and his deputies continued to collect and paid over to county creditors in small sums $623 88; and claims to have paid to David Brooks, the county treasurer, under an order of the county court, the further sum of $1,800, evidenced by a receipt dated 27th October, 1856, and the like sum of $1,800, evidenced by a like receipt, dated 2d January, 1857—the former to be applied to the extinguishment of the claim now sued for, and the remainder to be applied to the indebtedness of the sheriff for the year 1855, making in all the sum of $4,223 88. A controversy arose between the treasurer, Brooks, and the sheriff, Weaver, as to genuineness of the last receipt for $1,800. Brooks, upon notice to Weaver, moved the court for judgment against Weaver and his sureties for the balance in his hands due to the county. On the trial of this motion Brooks was offered as a witness, and though his competency was objected to, he was permitted to testify on behalf of the county, and upon that trial testified

that he never had received the $1,800 which was specified in receipt dated 2d January, 1857, but that, at the date of that receipt he received only $800, and no more. The court rendered judgment against Weaver and his sureties for $1,180 80, as the balance in the sheriff's hands due the county, and they have appealed to this court.

*J. N. Furber and H. Taylor*, for appellants—

1. The witness, Brooks, was incompetent; he was the county treasurer, whose duty it was to receive the money from the sheriff, and who was bound to account for it as the county court might order; and his receipt to the sheriff is a discharge to the sheriff, and he should not be permitted to testify in such a case; he is interested in exonerating himself from responsibility, and placing it upon the sheriff and his sureties.

Brooks also shows his feelings by employing counsel to prosecute the motion, and introduces himself as a witness in his own behalf, (the county being only the nominal plaintiff,) he being the real party interested. The rule in regard to competency is this: "If the witness can derive no benefit from the cause ' before the court he is competent, otherwise he is ' incompetent." *(Phillips Ev. 6th American from 9th London Ed. vol.* 1, *chap.* 5, *sec.* 4, 82, 3, *top*; 1 *Greenleaf*, 496; 1 *Starkie*, 105, 111, 114.) As to the admissibility of the real party in interest, when the plaintiff is a nominal party merely, see 1 *Phillips*, 82, *and* 86–7. If a judgment in favor of the party calling the witness will prove a direct benefit to the witness he is incompetent, (1 *Greenleaf*, 504;) or if the interest of the witness *merely* preponderates in favor of the party calling him, he is incompetent. *(Mosely vs. Armstrong*, 5 *Monroe*, 288.) "Witnesses are in- ' competent whenever they are liable to suit by the ' party calling them." *(Phillips Ev.* 1 *vol. chap.* 5, *sec.* 4, 101.) They are incompetent to prove their own laches or misconduct. In *note* 96 *to part* 1, 3*d book of*

WEAVER, &c.
vs.
BRACKEN Co'TY
COUR.T

*notes on Phillips Ev.* the author says, although the verdict may not affect the witness in another suit, yet, when it may create a new responsibility which the law would recognize and render available in favor or against the witness, or increase or decrease an existing one, he ought to be rejected. The same doctrine is recognized in *Hilhouse vs. Smith*, 5 *Day*, 432; *Fuller vs. Wheeler*, 10 *Pick*. 135. In this last case the witness offered was the acknowledged agent of the plaintiff and was rejected until he was released.

The case cannot be brought in the common rule of admitting agents which is an exception to the general rule. He is not shown to be within the exception. The facts he was called to prove were out of the usual course of business. If Brooks had a right to receive the money the sheriff could never recover it back from him.

Receipts may be explained but it must be by competent evidence.

2. The county court has no right to settle with the sheriff. (*Revised Statutes*, 213.) It is there said "that 'the county court shall appoint some competent per- 'sons as commissioners to settle with the sheriff, and 'upon his report, and its approval, shall make such 'order concerning the remainder of the money, if any 'is due the county, as may be deemed necessary for 'its safe keeping, &c."

*M. C. Johnson*, on the same side—

Made the following points: 1. That there is a difference to be observed in respect to the competency of an agent in cases where the principal is plaintiff and where he is defendant. If the principal is plaintiff the agent is generally a competent witness. If, however, the principal is defendant, and the agent is liable over to the principal, the agent is not competent without a release. In the latter case, especially if the agent is duly notified of the suit, the record is generally conclusive against the agent in a suit by principal against the agent for indemnity.

It will be readily perceived by this court that in cases also where the principal is plaintiff, the agent may, by his acts in regard to the suit, place himself in the same condition in regard to the force and effect of the judgment in a future suit between the plaintiff and himself as if his principal was defendant. We contend that this has been done by Brooks in this case. It appears from his own acknowledgment that he recognized his interest in the case, and that he has, for his own individual interest, employed counsel to represent him in the case, and that the management of the case has been accorded to him, and that the case has been conducted for his protection, as if it was a case between himself and the sheriff. Under such a state of case the record of the suit would have been evidence against Brooks in a suit by the county against him for the money now sought to be recovered of Weaver and his sureties. Brooks is not, however, the mere agent of the county, he is an officer of the county, regularly appointed, and entitled to hold his office for two years. He was not only authorized to receive the money from the sheriff, but was the only person who could receive it. There was no principal to whom it could be paid, and therefore he stood as principal, with power to authorize others to receive it as his agent.

The whole contest in this case was whether Brooks' receipt had been altered from eight to eighteen hundred dollars. The final mode for the county to pursue, would seem to be a suit against both her officers, compelling them to litigate between them which of the two owed the county the disputed $1,000. It is true the county could sue either, but whichever might be sued, the real controversy is between the county treasurer and the sheriff, and they are the real parties to the issue. Brooks was interested in the result of the controversy, and the record would be evidence against him.

It is manifest that without Brooks' evidence the judgment should have been for the defendant. The

original receipt is on file, and if the receipt has been changed, as is contended, it has been done with a skill that defies detection.

But there is an additional circumstance about the receipt that strongly fortifies its genuineness, and which is not explained. A judgment had been rendered against the sheriff for the county levy of 1855, and the collection of that judgment was in the hands of Robertson, the coroner. If only $800 was paid on the 2d January, 1857, as Brooks contends, then there was no reason for applying any part of it to the levy of 1855, as more than that amount was due of the levy of 1856, for which no judgment had been rendered. But if $1,800 was paid, it was more than was due for the levy of 1856, and if the receipt had confined it as a payment to the levy of 1856, it would have afforded a strong presumption that the receipt had in fact been changed. The fact that it was a payment on both the levies of 1855 and 1856, creates a strong presumption of the genuineness of the receipt as it appears. It is argued that "1855" was also fraudulently inserted, and that as originally written it was confined to the year 1856. Then the judgment is evidently erroneous, as part of that sum has been, by the effect of the judgment, appropriated to the levy of 1855, and Brooks says that a sufficiency was applied to extinguish the balance of the levy of that year. The other receipts confine the payments to the levy of 1856. It must therefore be assumed that 1855 was in the receipt when signed, and that fact has been recognized by Brooks, and acted upon in his application of the credits.

*William C. Marshall*, for appellee—

The appellants seek a reversal of this case upon the ground that David Brooks was admitted as a witness, who, it is charged, is interested, and therefore incompetent. It is insisted, upon the part of the appellees, that he was competent, and his testimony properly admitted. Should the court agree with me

that Brooks is competent, that settles the question. Was he competent? Brooks was the agent of the county, acting under the order of the county court in receiving and disbursing the money directed to be received from the sheriff, and to be paid out to the creditors under said order. In a contest between the county and the sheriff, was Brooks competent to prove the amount paid by the sheriff to him for the county? If he was the servant, agent, or factor, he was competent, as this court has decided in the case of *Bonham vs. Lair*, 4 *B. Monroe*, 405, and also in New York, 2 *Johnson, Burlingham vs. Dwyer*, 190. In this case an order was given for white lead, and upon the back of the order a receipt for the quantity and price was given by the bearer of the order. In a suit for the white lead, it was denied that the quantity had been received; to prove which the witness who executed the receipt was offered to prove that there was a less quantity than he receipted for, and to explain the receipt. The court decide that he was but an agent, and was competent—leaving his credit with the jury. The competency of agents in *Phillips' Evidence*, under the head exceptions to the rule, it is fully recognised that agents, from necessity, are competent. The general principle upon which agents are permitted to testify, will be found fully argued and settled in 5th *Johnson, Stewart vs. Kip*, 257. Should David Brooks be regarded as an officer of the county, then the *Code, sec. 675, page 183*, provides that all officers of a city, county, or town, shall be competent.

This controversy grows out of a receipt for $1,800; which Brooks says is a forgery; he admits that he executed the receipt for $800, but that it has been altered to $1,800. Could the appellants get along with the receipt except by introducing Brooks to prove it; he was in the county; could be used by them; certainly the hand writing of a party to a receipt cannot be proved by any one save the party himself, when he is no party to the suit. The coun-

ty, by the tax books and settlement, showed the sum that Weaver was indebted to the county, and when the receipts were offered it is respectfully insisted they could only be proved by Brooks, and that without his testimony the judgment would have been against them for a larger sum.

Jan. 22, 1858.     Judge DUVALL delivered the opinion of the court.

An agent is a competent witness to prove his own acts done for his principal, in discharge of the business confided to him as a gent. This principle applies as well to a private agent as one who is an agent of the public (7 B. Mon. 227; 4 Ib. 405.)

The rule which excludes the testimony of an interested witness is subject to an exception, which seems to have been allowed chiefly on the ground of necessity. The exception is as well established, and as universally recognized, as the rule itself, and the admissibility of the testimony of an agent to prove his own acts, done for the principal in the usual course of business, although such agent may be directly interested in the result of the suit, is now unquestionable. There is no foundation for the distinction attempted to be maintained between the cases of public and private agents. Every reason founded on either the necessity or convenience which authorizes the exception, applies as well to the one class as to the other; and, accordingly, in the case of *Thomas vs. Davis*, 7 *B. Monroe*, 227, this court decided that a sheriff who takes a delivery bond is a competent witness for the plaintiff in such bond, although he would have been directly liable to the plaintiff if the latter had failed in his action against the defendant. It was held that the sheriff acted as *quasi* agent in the transaction, and as such was a competent witness to sustain his return. So here, the treasurer was but the agent of the county in the management of the county revenues, and as such is a competent witness to prove his own acts done in the course of the business relating to his agency. (*Bonham vs. Laird*, 4 *B. Monroe*, 405.)

None of the authorities cited by the counsel for the appellants will be found, upon a critical examination of them, to conflict with the principles stated. The case of *Fuller vs. Wheeler*, 10 *Pick.* 135, express-

LOUISVILLE AND
NASHV'E R. R.
COMPANY.
*vs.*
THOMPSON.

ly recognizes the exception in regard to agents, but it was held that the witness did not come within the exception, because he was called to testify to facts out of the usual and common course of business.

We are satisfied, therefore, that Brooks was a competent witness for the appellee, upon the trial of this motion, and that all the facts relating to his supposed interest in the result should have been considered only as affecting his credibility. We would not be understood, however, as conceding that he had any legal interest in the issue.

His testimony, considered in connection with the the other proof, establishes the liability of the appellants beyond question.

Several other points are made in the argument which it is not deemed necessary to notice.

Judgment *affirmed.*